ON MOTION TO DISMISS OR TRANSFER
PER CURIAM.
Appellant seeks review of an order entered by a judge of compensation claims (“JCC”) under the authority of section 766.-301 et seq., Florida Statutes (1991), the Florida Birth-Related Neurological Injury Compensation Plan (“the plan”). Appellees move to dismiss this appeal or transfer, arguing that jurisdiction is proper only in the Third District Court of Appeal.
When a claim is made against the plan for birth related neurological injuries, section 766.307(1) requires the JCC to hold a hearing in the county where the injury occurred. In this case, the injury occurred in Miami and the claim was heard in Dade County. Section 766.311(1) provides that “review of an order of a judge of compensation claims shall be made by appeal to the District Court of Appeal. Appeals shall be filed in accordance with rules of procedure prescribed by the Supreme Court for review of such orders.” In the notice of appeal, appellant designated the appeal as one to the First District Court of Appeal.
This court does have exclusive jurisdiction to review orders entered by judges of compensation claims pursuant to chapter 440, Florida Workers’ Compensation Law. Section 440.271. This appeal, however, is not from a claim governed by chapter 440, but instead is controlled by section 766.-311(1).
Neither is an appeal to this court permissible pursuant to chapter 120. The plan is administered by the Florida Birth-Related Neurological Injury Compensation Association. Section 766.315(1)(a) expressly provides, “[t]he association is not a state agency, board, or commission.” In any event, this appeal is not one from a decision of the association. Rather, the association was a party to the hearing under section 766.307(2).
Although we find that this court does not have jurisdiction to consider this appeal, we determine that instead of dismissal, the proper remedy is to transfer this appeal to the Third District Court of Appeal. Rule 9.040(b), Florida Rules of Appellate Procedure. Disposition of any pending motions is deferred to the Third District.
APPEAL IS HEREBY TRANSFERRED TO THE THIRD DISTRICT COURT OF APPEAL.
JOANOS, C.J., and ALLEN and WEBSTER, JJ., concur.